NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 123

No. 2016-151

| | |
|---|---|
| David Barron | Supreme Court |
| v. | On Appeal from Superior Court, Chittenden Unit, Civil Division |
| Lisa Menard, Commissioner, Department of Corrections and Ralph Cherry | October Term, 2016 |

Helen M. Toor, J.

Matthew F. Valerio, Defender General, and Kelly Green, Prisoners' Rights Office, Montpelier, for Plaintiff-Appellant.

Andrew Bolduc of McNeil, Leddy & Shehan, P.C., Burlington, for Defendant-Appellee.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **ROBINSON, J.** Petitioner appeals the superior court's summary judgment decision upholding his prison disciplinary conviction for threatening another person. He argues that the Department of Corrections (DOC): (1) failed to prove that he had the ability and opportunity to carry out his threat as required by DOC policy for a prison disciplinary conviction, and (2) failed to hold petitioner's hearing within the time allowed by the policy. We affirm.

¶ 2. The undisputed facts in the summary judgment record reflect the following. Petitioner is incarcerated. On the morning of Thursday, October 22, 2015, a kitchen supervisor filed a written report describing an incident that occurred when she was taking a group of prisoners,

including petitioner, to the prison kitchen.[1] She reported that a correctional officer came into view, and petitioner told the kitchen supervisor, "you have to make sure [the correctional officer] is never around me. I will beat him up." The kitchen supervisor explained that petitioner "looked like he would assult [sic] him at any moment," and stated that, because of "the look on his face and clinched [sic] hands," she was "afraid for [the officer's] life."

¶ 3.     The inmate disciplinary report filed and delivered on October 22 reflects that, pursuant to a DOC policy, petitioner was put in administrative segregation that day—October 22—pending a disciplinary investigation for a major rule violation. Vt. Dep't of Corr., Directive No. 410.01, Facility Rules and Inmate Discipline 7 (2012) [hereinafter Directive No. 410.01, Facility Rules on Inmate Discipline], http://www.doc.state.vt.us/about/policies/rpd/correctional-services-301-550/401-500-programs-security-and-supervision/410-01-facility-rules-and-inmate-discipline.pdf [https://perma.cc/T9VB-5ZJP]. The policy requires the investigation to be completed within three business days and the disciplinary hearing to be held within four business days of the inmate being segregated. Id. It specifies that "Day one" is considered the first full business day after the inmate is put into segregation. Id.

¶ 4.     The DOC held petitioner's hearing on Wednesday, October 28, 2015 at approximately 8:00 p.m. The hearing officer found petitioner guilty of violating a DOC rule that prohibits "threatening another with harm, bodily injury or an act with adverse consequences." Id. at 20. The rule defines "threatening or threatening behavior" to include: (1) "[v]erbal threats when the offender has the ability and opportunity to carry out the threat," and (2) "physical threats when the offender has entered into another person's space in an intimidating manner." Id. at 6.

---

[1]   The incident report reflects that this incident occurred on October 21. The ensuing disciplinary report identified the date of the incident as October 22. For the reasons set forth below, the lack of clarity as to the date of the incident does not affect our analysis.

2

¶ 5.    Petitioner sought review of his disciplinary conviction in the superior court under Rule 75 of the Vermont Rules of Civil Procedure. Petitioner and the DOC each filed for summary judgment, and the trial court granted the DOC's motion and denied petitioner's. In response to petitioner's arguments that the evidence was insufficient to show that he had the ability or opportunity to carry out the threats and that the hearing was untimely, the trial court concluded that the evidence was sufficient to support the hearing officer's decision and that, consistent with the DOC directive, the hearing took place on the fourth business day. Petitioner appealed.

¶ 6.    This Court applies the same standard as the trial court when reviewing a summary judgment decision. "Summary judgment is appropriate when there are no genuine issues of material fact and, viewing the evidence in a light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." In re Carter, 2004 VT 21, ¶ 6, 176 Vt. 322, 848 A.2d 281.

¶ 7.    When reviewing the sufficiency of evidence at a disciplinary hearing, the decision "must be upheld if it is supported by 'some evidence' in the record." Herring v. Gorczyk, 173 Vt. 240, 243, 789 A.2d 955, 958 (2001). The question is " 'whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.' " Id. (quoting Superintendent v. Hill, 472 U.S. 445, 455-56 (1985)).

¶ 8.    The two questions on appeal are: (1) whether there is sufficient evidence to support petitioner's disciplinary conviction, and (2) whether the DOC was timely in holding petitioner's hearing after placing him in administrative segregation.

¶ 9.    Regarding the first question, we conclude that there was sufficient evidence to support petitioner's disciplinary conviction. Petitioner argues that the DOC failed to meet its burden to prove that he had the "ability and opportunity to carry out the threat" under the DOC's definition of verbal threats. He argues that the DOC did not present evidence about the context of the threat, for example the physical size differences and the distance between the men, whether the

3

officers were armed, or how many other people were nearby. We conclude that this additional evidence was not necessary to support the DOC's determination.

¶ 10. The kitchen supervisor's statement was sufficient to support the disciplinary determination. At petitioner's hearing, the DOC introduced her statement that it looked like petitioner would assault the other officer at any moment and that she was afraid for his life. This statement provides "some evidence" that supports the disciplinary conviction. The facts that the object of petitioner's threat was walking near petitioner and that someone witnessing the event believed petitioner would attack at any moment and was afraid that he would do so, support the inference that petitioner had the ability and opportunity to carry out his threat. We therefore uphold the superior court's decision that there was sufficient evidence to support the disciplinary conviction insofar as there was "some evidence" that defendant violated the rule against threatening another person.

¶ 11. With respect to the timeliness of the disciplinary hearing, we conclude that the DOC followed its policy and held the hearing within four business days after segregating petitioner. Petitioner was placed in segregation on Thursday, October 22.[2] According to the policy, the first business day was therefore Friday, October 23. Accordingly, the fourth business day, the last day the DOC could hold the hearing, was Wednesday, October 28, which is when the hearing was held.

¶ 12. We reject petitioner's argument that the 8:00 p.m. hearing was untimely because the DOC was required to conduct the disciplinary hearing by 5:00 p.m. on October 28. There is nothing in the record that shows that a "business day" under the DOC policy ends at 5:00 p.m. The policy defines "business day" as "Monday through Friday, excluding weekends and

---

[2] On appeal, petitioner argues that the date his administrative segregation began is a matter of dispute. Although, as noted supra note 1, the record contains conflicting statements as to the date of the incident, the documents in the summary judgment record reflect that the incident report and inmate disciplinary report were filed on October 22, and that petitioner was placed in administrative segregation on that date. We cannot find support in this record for petitioner's claim that the facts are disputed as to the date of his segregation.

4

recognized State holidays," and does not purport to define "business hours" within those days. Directive No. 410.01, Facility Rules and Inmate Discipline 2. Further, the policy does not require the hearing to be held during business hours. A prison operates twenty-four hours a day, seven days a week. On this record, there is no basis to support a conclusion that a "business day," as defined in this policy, ends at a specific time, other than the end of the day itself. Because the DOC held petitioner's hearing on the fourth business day, as required by its policy, the prosecution was timely.

     Affirmed.

                                      FOR THE COURT:

                                      _____

                                      Associate Justice